# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LEKEDRIEON RUSSELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 17-cv-570-JPG |
| ) | |
| NEILL MOONEY, ) | |
| MT. VERNON JUSTICE CENTER ) | |
| COUNTY JAIL, ) | |
| C. GREENWOOD, ) | |
| JENNIFER ROBERTS, ) | |
| A. BLANDFORD, ) | |
| J. CARLTON, ) | |
| B. HUFF, ) | |
| A. MEYERS, ) | |
| LT. HAYNES, ) | |
| LT. BONNIE MAY, ) | |
| C/O SPARTEGUES, ) | |
| CAPT. MOUNT, ) | |
| C/O JEFF CLARK, ) | |
| NURSE SHIRLEY, ) | |
| DR. PAULIUS, ) | |
| C/O FORTAG, ) | |
| C/O EDWARDS, ) | |
| DEPUTY TRAVIS SCOTT, ) | |
| C/O NANCY, ) | |
| C/O CONWAY, ) | |
| and C/O McKENNETH, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is now before the Court for a merits review of Plaintiff Russell's claims pursuant to 28 U.S.C. § 1915A. This case, containing Counts 1-4, was severed on May 31, 2017, from the case jointly filed by Russell and former co-Plaintiff Corbin Jones, *Jones & Russell v. Mooney, et al.*, Case No. 17-cv-349-JPG. (Doc. 1). Russell is currently incarcerated in the

1

Jefferson County Justice Center ("the jail"). His *pro se* Complaint, brought pursuant to 42 U.S.C. § 1983, includes claims that Russell was denied medication and treatment for his mental health conditions, was confined in a cell contaminated with another inmate's blood, was denied medical attention for possible exposure to disease, and was denied of out-of-cell recreation.

Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At

the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Applying these standards, the Court finds that one of Russell's claims survives threshold review under § 1915A.

### The Complaint (Doc. 2)

The Complaint was submitted by Russell together with former co-Plaintiff Jones, and is presented in 2 distinct parts. The first section (Doc. 2, pp. 1-20) contains Russell's claims. The second section (containing 70 pages and found herein at Doc. 2, pp. 21-90), contains claims pertaining only to former co-Plaintiff Jones; therefore, that section of the pleading shall not be considered in this severed case. The merits review herein shall focus only on the claims presented in Russell's portion of the pleading, found at Doc. 2, pp. 1-20, and designated as Counts 1-4 in the severance order. (Doc. 1, p. 5).

Russell alleges that on March 29, 2017, a cellmate (Joshua Heart) attempted to kill himself by cutting both his wrists (Doc. 2, pp. 13, 16, 18). Russell pressed the intercom button repeatedly to summon help, but no jail staff members responded until about 15-20 minutes later. (Doc. 2, pp. 10, 13, 16-18). While Russell was pressing the button, unnamed jail staff member(s) told him (presumably via the intercom) that he was lying, and to quit playing. (Doc. 2, pp. 10, 18). When Heart's bleeding became worse, Russell tore his underwear to make a tourniquet in an attempt to stop the bleeding. (Doc. 2, p. 18). The cell "look[ed] like a blood bath" after Heart cut himself, and Russell got Heart's blood all over his face, hands, and clothes. (Doc. 2, pp. 13, 16, 18). Heart is a "known drug addict" and intravenous meth user, so Russell asked to be tested for HIV, AIDS, Hepatitis-C, and tuberculosis. (Doc. 2, pp. 5, 13, 20).

However, no such testing has been performed. *Id*.

For at least 4 days after Heart's suicide attempt, the blood was not cleaned up from the cell or surrounding area, including the table where Russell and other prisoners eat their meals. (Doc. 2, pp. 5, 16). Thus, Russell's exposure to the cellmate's blood continued. Russell also mentions, without further explanation, that "they got me . . . laying on the floor where I found blood." (Doc. 2, p. 16). Russell was allowed to shower, but was not given any cleaning supplies for the cell. (Doc. 2, pp. 14, 18).

Russell had previously been diagnosed as bipolar, and suffers from depression, ADHD, and PTSD. (Doc. 2, pp. 17, 19). Since witnessing Heart's suicide attempt, Russell has experienced sleep disturbances, shaking, and cold sweats. (Doc. 2, pp. 16-17, 19-20). He requested Captain Mount and other staff to help him get mental health treatment, but his requests have been ignored. (Doc. 2, p. 19). Further, he has not received his regular prescription medication for his pre-existing mental health conditions. On or about March 29, 2017, Lt. Haynes laughed and joked about Heart's suicide attempt, saying he faked it, which upset Russell. (Doc. 2, p. 16).

Russell also alleges that he "begged" to be allowed out of the cell for recreation, but Jennifer Roberts refused to let him out for 3 days in a row. (Doc. 2, pp. 14, 18). Instead, Roberts placed Russell "on lock down" for pressing the intercom, cursed him, and told him to stop pushing the button. (Doc. 2, pp. 14, 18).

Russell seeks damages for the violations of his rights. (Doc. 2, pp. 7, 9). He also asks for "freedom." (Doc. 2, p. 9).

## Merits Review Pursuant to 28 U.S.C. § 1915A

As explained in the order severing Russell's claims into the present action (Doc. 1), the Court finds it convenient to divide the *pro se* action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit. Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice.

> **Count 1:** Deliberate indifference claim against Mount for failing to provide Russell with treatment or medications for his diagnosed mental health conditions or for his mental health symptoms that developed after witnessing the cellmate's suicide attempt;
>
> **Count 2:** Deliberate indifference claim for the failure to provide Russell with medical testing for communicable diseases following his exposure to the cellmate's blood;
>
> **Count 3:** Deliberate indifference claim for the failure to provide Russell with cleaning supplies or to clean the areas contaminated with blood;
>
> **Count 4:** Deliberate indifference claim against Roberts for refusing to permit Russell to leave the cell for recreation.

Count 1 shall proceed in this action for further review. However, Counts 2, 3, and 4, as pled, fail to state a claim upon which relief may be granted, and shall be dismissed without prejudice at this time. If Russell chooses to submit an amended complaint including more facts relevant to these claims, they may be reinstated and given further consideration.

Plaintiff shall also note that in a civil rights action brought pursuant to § 1983, money damages and injunctive relief may be available if he prevails on his claims. However, release from custody is not an available remedy in a civil rights action. A prisoner who wishes to challenge his custody or seek release must do so in a habeas corpus action. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Further, a federal habeas action may only be maintained if

the prisoner has first sought relief in the state courts and has pursued "one complete round of the state's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); see 28 U.S.C. § 2254(b)(1)(A).

## Count 1 – Deliberate Indifference to Mental Health Needs

As an inmate at the Jefferson County Jail, Russell may be a pre-trial detainee, or may be serving a sentence following a criminal conviction. The Complaint does not disclose which status applies to Russell. Either way, similar legal standards apply to his deliberate indifference claims.

A pre-trial detainee's claims brought pursuant to § 1983 arise under the Fourteenth Amendment and not the Eighth Amendment. *See Weiss v. Cooley*, 230 F.3d 1027, 1032 (7th Cir. 2000). However, the Seventh Circuit has "found it convenient and entirely appropriate to apply the same standard to claims arising under the Fourteenth Amendment (detainees) and Eighth Amendment (convicted prisoners) 'without differentiation.'" *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quoting *Henderson v. Sheahan*, 196 F.3d 839, 845 n.2 (7th Cir. 1999)). To state a claim for deliberate indifference to medical care, a detainee (or a convicted prisoner) must show that (1) he suffered from an objectively serious condition which created a substantial risk of harm, and (2) the defendants were aware of that risk and intentionally disregarded it. *Minix v. Canarecci*, 597 F.3d 824, 831 (7th Cir. 2010); *Grieveson v. Anderson*, 538 F.3d 763, 771-72, 777-79 (7th Cir. 2008); *Jackson v. Ill. Medi-Car, Inc.*, 300 F.3d 760, 764-65 (7th Cir. 2002). However, evidence that a defendant acted negligently does not raise a claim for deliberate indifference. *Jackson*, 300 F.3d at 764-65.

The Seventh Circuit considers the following to be indications of a serious medical need: (1) where failure to treat the condition could "result in further significant injury or the

unnecessary and wanton infliction of pain"; (2) "[e]xistence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment"; (3) "presence of a medical condition that significantly affects an individual's daily activities"; or (4) "the existence of chronic and substantial pain." *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). Further, the Seventh Circuit has found that "the need for a mental illness to be treated could certainly be considered a serious medical need." *Sanville v. McCaughtry*, 266 F.3d 724, 734 (7th Cir. 2001); *Wellman v. Faulkner*, 715 F.2d 269 (7th Cir. 1983).

Count 1 includes Russell's claims that he was not receiving the medication(s) that had been prescribed for treatment of one or more of his mental health conditions, which had been diagnosed before he was incarcerated at the jail. Also included is the claim that Russell asked for mental health attention/treatment for the serious symptoms he began to experience after witnessing the traumatic event of his cellmate's suicide attempt, and intervening to help save the man's life. Both of these matters satisfy the first element of a deliberate indifference claim – namely, that Russell suffered from an objectively serious health condition.

Russell alleges that he notified Captain Mount of both aspects of his mental health needs (prescription medication, and assistance for his new symptoms). However, Mount failed to take any action to obtain medication or other treatment for Russell. At this early stage, the Complaint states a claim against Mount that merits further review under **Count 1**.

However, Count 1 shall be dismissed as to all the remaining Defendants. While Russell mentions that he voiced his mental health needs to other jail officials, including a nurse, and requested treatment, he does not identify any of those individuals by name in the body of his Complaint. Therefore, he fails to state a claim upon which relief may be granted against any other Defendants.

Plaintiffs are required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. P. 8(a)(2). Where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, the individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 805, 810 (7th Cir. 2005) (internal quotations and citations omitted). In order to state a claim against a defendant, a plaintiff must describe what each named defendant did (or failed to do), that violated the plaintiff's constitutional rights.

The only other Defendant mentioned in connection with Russell's mental health condition is Lt. Haynes, who made jokes and mocking comments about Heart's suicide attempt. (Doc. 2, p. 16). While these remarks were distressing to Russell, such insensitive verbal commentary does not rise to the level of a constitutional violation. *See Dobbey v. Ill. Dep't of Corrections*, 574 F.3d 443, 446 (7th Cir. 2009) ("harassment, while regrettable, is not what comes to mind when one thinks of 'cruel and unusual' punishment"). Thus, Haynes shall also be dismissed from Count 1 without prejudice.

For these reasons, **Count 1** shall proceed at this time only against Mount.

**Dismissal of Count 2 – Deliberate Indifference to Medical Needs – Testing**

This claim encompasses Russell's allegations that, after he was covered with his cellmate

Heart's blood following the suicide attempt, and then continued to be exposed to the blood for several days on various surfaces of the cell and furnishings which had not been cleaned, Russell requested tests to find out if he might have contracted any diseases from this exposure. These facts are sufficient to meet the requirement that Russell faced an objectively serious risk to his health from the blood exposure. *See Thomas v. Illinois*, 697 F.3d 612, 614-15 (7th Cir. 2012) (depending on severity, duration, nature of the risk, and susceptibility of the inmate, prison conditions may amount to cruel and unusual punishment if they caused either physical, psychological, or probabilistic harm).

However, the claim cannot go forward at this time, because Russell fails to identify which of the Defendants refused to take action to provide him with medical tests, after Russell notified them of the blood exposure and asked for medical attention. In order to state a viable deliberate indifference claim, Russell must name the Defendant(s) whom he approached regarding his medical concern or health risk, indicate what he told the Defendant(s) about his problem, and describe what the Defendant(s) did or failed to do in response. As the current Complaint lacks this information, **Count 2** shall be dismissed without prejudice.

### Dismissal of Count 3 – Denial of Cleaning Supplies/Unsanitary Cell

Plaintiff indicates that after Heart's suicide attempt, blood was left behind in his cell and on the table where he ate his meals. This condition remained for at least 4 days, while Russell and/or his other cellmates asked for cleaning supplies, but were refused.

As with the medical and mental health claims above, a claim over unsanitary or hazardous conditions of confinement has two elements. First, an objective element requires a showing that the conditions deny the inmate "the minimal civilized measure of life's necessities," creating an excessive risk to the inmate's health or safety. *Farmer v. Brennan*, 511

U.S. 825, 834 (1994). The conditions must have resulted in an unquestioned and serious deprivation of basic human needs such as food, medical care, sanitation, or physical safety. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). The second requirement is the subjective one of deliberate indifference to a substantial risk of serious harm to the inmate from those conditions – where a defendant who is aware of the risk of harm fails to take action to correct the problem. *Farmer*, 511 U.S. at 837, 842.

In the present case, Russell has articulated an objectively serious risk of contracting a communicable disease from exposure to the blood of a person who is an admitted intravenous drug user, due to jail staff not cleaning the cell or providing cleaning supplies for Russell. This meets the first (objective) prong of a deliberate indifference claim. However, Russell again fails to identify which Defendant(s) he asked for help to correct the conditions. The Complaint does not name any person who was told about the contamination by Russell, but who then failed to take action. Without this information, the Complaint fails to state a claim upon which relief may be granted in **Count 3**. This cell conditions claim shall thus be dismissed without prejudice.

### Dismissal of Count 4 – Out-of-Cell Recreation

For this claim, Russell relates that Jennifer Roberts refused to allow him to leave his cell in order to have recreation time elsewhere in the jail, for three days in a row. This occurred on or about March 29-30, 2017. (Doc. 2, p. 18). It is not clear from the Complaint where Russell would have spent his out-of-cell time if Roberts had allowed him out. To the extent he might have been permitted to engage in some physical activity, the Court shall review whether the denial of recreation may have violated the Constitution.

The Seventh Circuit has noted that a "[l]ack of exercise could rise to a constitutional violation where movement is denied and muscles are allowed to atrophy, and the health of the

individual is threatened." *Harris v. Fleming*, 839 F.2d 1232, 1236 (7th Cir. 1988); *French v. Owens*, 777 F.2d 1250, 1255 (7th Cir. 1985), *cert. denied*, 479 U.S. 817 (1986). "Unless extreme and prolonged, lack of exercise is not equivalent to a medically threatening situation." *Harris*, 839 F.2d at 1236 (short periods of exercise denial, such as 28 days, do not violate the Constitution). However, longer periods without exercise may state a constitutional claim. *See Delaney v. DeTella*, 256 F.3d 679, 683-85 (7th Cir. 2001) (6-month denial states a claim; a strong likelihood of injury is present after 90 days). Furthermore, repeated short-term denials of exercise privileges may amount to a constitutional violation. *Turley v. Rednour*, 729 F.3d 645, 652-53 (7th Cir. 2013) (plaintiff stated Eighth Amendment claim where cumulative effect of repeated lockdowns deprived him of yard privileges, and cell was too small for physical activity).

In Russell's case, he complains only that he was denied permission to leave his cell for recreation/exercise for a 3-day period. This deprivation, in light of the above authority, is too slight to significantly impact Russell's health. It therefore does not implicate constitutional concerns. The facts related in the Complaint fail to support a claim upon which relief may be granted for an unconstitutional denial of exercise privileges. **Count 4** against Roberts shall thus be dismissed without prejudice.

## Pending Motions

The motion for leave to proceed *in forma pauperis* ("IFP") (Doc. 3) shall be addressed in a separate order, after Plaintiff provides his inmate trust fund account records as directed in the order at Doc. 9.

Plaintiff's motions for recruitment of counsel (Docs. 4, 7) shall be referred to the United States Magistrate Judge for further consideration.

The motion for service of process at government expense (Doc. 5) shall be **GRANTED IN PART AND DENIED IN PART.** Service shall be ordered below on the Defendant who remains in the action. No service shall be made on the dismissed Defendants.

## Disposition

**COUNTS 2, 3, and 4** are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

Defendants **MOONEY, MT. VERNON JUSTICE CENTER COUNTY JAIL, GREENWOOD, ROBERTS, BLANDFORD, CARLTON, HUFF, MEYERS, HAYNES, MAY, SPARTEGUES, CLARK, SHIRLEY, PAULIUS, FORTAG, EDWARDS, SCOTT, NANCY, CONWAY,** and **McKENNETH** are **DISMISSED** from this action without prejudice.

The Clerk of Court shall prepare for Defendant **MOUNT**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Memorandum and Order at Doc. 1, a copy of the Complaint (Doc. 2), and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the

Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings, which shall include a determination on the pending motions for recruitment of counsel (Docs. 4 & 7).

Further, this entire matter shall be **REFERRED** to the United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **REMINDED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action

for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: June 7, 2017**

> *s/J. Phil Gilbert*
> United States District Judge